IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HANAN ENDRAWES and SHENOUDA HENIN, | ) ) ) |
| Plaintiffs, | ) ) CIVIL ACTION NO. _____ ) |
| v. | ) *(Removed from Davidson County Circuit* ) *Court, Case No. 17C1127)* |
| SAFECO INSURANCE COMPANY "A LIBERTY MUTUAL COMPANY", | ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendant Safeco Insurance Company of Illinois, incorrectly named in the Complaint as Safeco Insurance Company "A Liberty Mutual Company" (hereinafter "Safeco"), hereby gives notice of the removal of this action to the United States District Court for the Middle District of Tennessee, Nashville Division. As grounds for this removal, Safeco states as follows:

### INTRODUCTION

1. On or about May 9, 2017, Plaintiffs Hanan Endrawes and Shenouda Henin ("Plaintiffs") commenced a civil action against Safeco in the Circuit Court for Davidson County, Tennessee, pending there as Case 17C1127. The Circuit Court for Davidson County is a Tennessee state court within this judicial district and division.

2. Plaintiffs served a copy of the Summons and Complaint on the Tennessee Department of Commerce and Insurance on May 15, 2017. The Tennessee Department of Commerce and Insurance thereafter served the Corporation Service Company ("CSC") with a

copy of the Summons and Complaint on May 17, 2017, which it transmitted onto Safeco. Therefore, this Notice of Removal is timely filed.[1]

3. Pursuant to 28 U.S.C. § 1446, true and correct copies of all pleadings in Safeco's possession that have been filed in the state court pertaining to this matter as of this date are collectively attached hereto as **Exhibit 1**.

## DIVERSITY JURISDICTION

4. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) **Generally.** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) **Removal based on diversity of citizenship.**
>
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

5. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides in pertinent part as follows:

---

[1] In addition, Plaintiffs attempted to serve Safeco on May 11, 2017, directly through CSC, presumably because CSC is listed with the Tennessee Secretary of State as the registered agent for Liberty Mutual Group, Inc. Although Safeco asserts that this did not properly effect service, this Notice is still filed within 30 days of that attempt.

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States....

6. Plaintiffs are both citizens and residents of Davidson County, Tennessee. *See* Complaint at ¶¶ 1-2.

7. Safeco Insurance Company of Illinois is the entity that underwrites the automobile insurance policy at issue, as referenced in Paragraph 19 of the Complaint, as can be clearly seen in the policy attached hereto as **Exhibit 2** (the "Policy"). Safeco Insurance Company of Illinois, the correct defendant, is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts. To be clear, neither Safeco Insurance Company of Illinois nor the improperly named Safeco Insurance Company is a citizen of the State of Tennessee.

8. Thus, the diversity of citizenship requirement is met in this case.

## AMOUNT IN CONTROVERSY

9. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

10. Plaintiffs brought this action seeking to force Safeco to pay out policy limits for an uninsured motorist claim related to bodily injuries allegedly sustained by Plaintiff Endrawes in an automobile accident on May 11, 2016, with a third-party, Mariam Girgis. *See* Complaint at ¶¶ 7-10.

11. Plaintiffs allege that Safeco was required to compensate them for such damages under the terms of the automobile insurance policy in effect between Plaintiffs and Safeco, their insurer. *Id.* at ¶¶ 19, 27-28.

12. Specifically, Plaintiffs allege not only breach of contract against Safeco, but they also allege a claim of bad faith under Tenn. Code Ann. § 56-7-105, in addition to seeking treble damages from Safeco under the Tennessee Consumer Protection Act (the "TCPA"), damages for emotional distress, and attorneys' fees. *Id.* at ¶¶ 14-28, Prayer for Relief.

13. While Safeco disputes that Plaintiffs are entitled to the relief sought and specifically disputes the allegations that it acted in bad faith and that Plaintiffs are entitled to damages under Tenn. Code Ann. § 56-7-105 or the TCPA, it is proper for the court to consider these claims in calculating the amount in controversy. Tenn. Code Ann § 56-7-105 permits an insured to recover damages, in addition to the loss, in an amount not to exceed 25% of the liability of the loss if the court determines that "the refusal to pay the loss was not in good faith, and the failure to pay inflicted additional expense, loss or injury including attorney fees upon the holder of the policy." Additionally, Tenn. Code Ann. § 47-18-109, through which Plaintiffs make allegations in paragraphs 20-28 and the prayer for relief, makes available treble damages for willful or knowing violation of the TCPA, as well as for recovery of attorneys' fees.

14. Plaintiffs' Complaint does not contain an *ad damnum* but does criticize Safeco for not "paying up to policy limits." Complaint ¶ 27. The applicable policy limit for bodily injury under the uninsured motorist coverage is $50,000. *See* Ex. 2 at 1. It is evident from the Complaint and Policy that the amount in controversy is at least $150,000 (representing the $50,000 limit trebled under the TCPA) plus Plaintiffs' claim for attorney fees.[2] *See Muheljic v. Bank of Am., N.A.,* 2014 U.S. Dist. LEXIS 160522, *10-11 (M.D. Tenn. Nov. 12, 2014) ("In

---

[2] Under the terms of the Policy, the uninsured motorist coverage is reduced by any amounts paid by Ms. Girgis' insurer. *See* Ex. 2 at 12. Plaintiffs admit that Ms. Girgis' insurance company paid its policy limits of $25,000. Complaint at ¶ 16. Even considering this, the amount-in-controversy would still amount to $75,000—representing the $25,000 left before policy limits are reached, trebled—*plus* Plaintiffs' claim for attorney fees.

considering the amount in controversy, a court may consider that a statutory provision allows for the trebling of damages. . . . Further, 'reasonable attorney fees, when mandated or allowed by statute, may be included in the amount in controversy for purposes of diversity jurisdiction.'")

15. Moreover, Plaintiffs sent Safeco a demand letter on or about March 15, 2017, a copy of which is attached hereto as **Exhibit 3**, in which Plaintiffs demand that Safeco pay $100,000.00 with regard to Plaintiffs' claims. *See Griffith v. Aleman*, 2016 U.S. Dist. LEXIS 64639, at *8 (W.D. Tenn. May 17, 2016) (courts may consider a plaintiff's demand letter for purposes "such as inquiring into the whether the jurisdictional threshold of the amount in controversy has been met"); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813 (7th Cir. 2006); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *Hubbell v. Fedex Smartpost, Inc.*, 2016 U.S. Dist. LEXIS 138419, at *2-3 (E.D. Mich. Oct. 5, 2016).

16. Thus, the amount in controversy in this action clearly exceeds $75,000, exclusive of interest and costs.

## JURISDICTIONAL REQUIREMENTS

17. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

18. Safeco has not previously removed this action and has heretofore sought no similar relief.

19. Safeco reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

20. Safeco hereby notifies the Court that it has provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. §

1446(d). Safeco has also filed a copy of this Notice of Removal with the Clerk of the Circuit Court for Davidson County, Tennessee, as provided by law.

> Respectfully submitted,
>
> /s/ J. Matthew Kroplin
> Brian C. Neal (BPR #022532)
> J. Matthew Kroplin (BPR #027363)
> BURR & FORMAN LLP
> 511 Union Street, Ste. 2300
> Nashville, TN 37219
> Telephone: (615) 724-3200
> Facsimile: (615) 724-3290
>
> *Attorneys for Defendant Safeco Insurance Company of Illinois, improperly named as Safeco Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June 2017, I served a copy of the foregoing *Notice of Removal* via U.S. mail on the following:

> Ali Abdel Ati
> ATI Law Offices
> 325 Plus Park Blvd., Suite 200 B
> Nashville, TN 37217
>
> /s/ J. Matthew Kroplin