

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| HANAN ENDRAWES ) | |
| SHENOUDA HENIN ) | |
| Plaintiffs ) | |
| Vs. ) | Case No: 17C1127 |
| ) | JURY DEMANDED |
| SAFECO INSURANCE COMPANY ) | |
| "A LIBERTY MUTUAL COMPANY" ) | |
| Defendant ) | |

## COMPLAINT

Come now the plaintiffs, Hanan Endrawes "Endrawes" and Shenouda Henin "Mr. Henin" by and through counsel and hereby and files their complaint against the Defendant Safeco Insurance Company "Safeco" for Uninsured –Under-Insured Motorist. For their cause of action, plaintiffs state as follows:

1. The Plaintiff, Hanan Endrawes "Endrawes" is a citizen and a resident of Davidson County, Tennessee.

2. The Plaintiff, Shenouda Henin "Mr. Henin" is a citizen and resident of Davidson County, Tennessee.

4. The Defendant Safeco Insurance Company is a corporation organized in the State of Maine that is doing business in the State of Tennessee. The principal place of business at 175 Berkeley Street, Boston, MA 02116 - 5066

5. Subject matter jurisdiction over this action is proper pursuant to T. C. A. 16-10-101.

6. The automobile collision that is the subject of this action took place in Davidson County, Tennessee and thus Venue is proper in this court.

1

**Exhibit 1**

Copy

7. On or about May 11, 2016, Plaintiff, Hanan Endrawes, was operating her 2007 Honda Odesy Minivan and was traveling east on Murfreesboro Pike in Davidson County, Tennessee.

8. On or about May 11, 2016, Defendant Mariam Girgis was operating her 2005 Honda Accord and was traveling east on Murfreesboro Pike in Davidson County, Tennessee, in the same direction as the Plaintiff Mrs. Endrawes.

9. The third party Mariam Girgis improperly changed lanes to the right and struck the front side of her vehicle.

10. As a result of the accident, Plaintiff Hanan Endrawes sustained serious bodily injuries and was transported to the emergency room at Vanderbilt University Medical Center for treatment.

11. Then Plaintiff Mrs. Endrawes had to follow up with her treating physician and was referred to specialists for medical treatment.

12. Plaintiffs aver that the third party Mariam Girgis was careless. Negligent, and negligent per se in one or more of the following ways:

A) The third party Mariam Girgis, operated her motor vehicle at the time and place of this collision without keeping a proper lookout ahead in the direction in which she was driving.

B) The third Party Mariam Girgis was improperly changed lanes.

C) The third Party Mariam Girgis failed to keep her vehicle under reasonable and proper control;

D) The third Party Mariam Girgis, failed to bring her car under control and to stop when there was sufficient time and distance before colliding with Plaintiff Mrs. Endrawes 'vehicle.

E) The third Party Mariam Girgis, failed to see that which there to be seen and take proper action with respect thereto;

Copy

F) The third Party, Mariam Girgis Failed to exercise due care in violation of T. C. A. Section 55-8-136.

13. Plaintiffs aver that the third Party Mariam Girgis, owes the plaintiffs a duty of safety, careful and lawful driving but breached that duty and was negligent on the date and time of the collision. The negligence of the Third Party, Mariam Girgis as set forth above directly and proximately caused the collision, resulting injuries to plaintiffs, and the damages and losses here sought by the plaintiffs.

## Count I
## Personal injury and Emotional Distress

14. Paragraphs 1 through 13 are re-alleged, re-affirmed and referred to herein as if set out in full.

15. As a direct and proximate result of the carelessness, negligence and negligence per se of the Third Party, Mariam Girgis as herein above described, the plaintiffs was damaged as follows:

   A. Medical expenses, both past and future;
   B. Physical pain, both past and future;
   C. Mental, emotional suffering and grief, both past and future;
   D. Loss of enjoyment of life, both past and future;
   E. Permanent impairment and partial disability;
   F. Lost wages and loss of earning capacity; and
   G. Loss of consortium.
   H. Sever emotional distress.
   I. All other general or special damages and other relief allowed under the laws of the State of Tennessee to which they may be entitled.

16. Defendant Mariam Girgis and her insurance carrier Acceptance Auto Insurance have accepted liability and paid its policy limits per person of Twenty Five ($25,000.00) Dollars which was close to the past medical bills in exchange for releasing Mrs. Girgis from all claims, except

3



for the uninsured-underinsured claim with Mrs. Endrawes' own insurance carrier, Safeco Insurance.

17. Liability is not in dispute as the at-fault-driver and her Insurance Carrier had already accepted liability for the accident and actually paid their policy limits.

18. Mrs. Girgis' release expressly provided for the plaintiffs' right to pursue an under-insured motorist claim against Plaintiff's own Insurance Carrier, Defendant, Safeco Insurance Company, to recover the rest of their damages.

19. Under Plaintiff, Hanan Endrawes's own insurance policy with Defendant Safeco Insurance Company the policy limits for both bodily injury and property damage for the uninsured and underinsured motorist claims are twice the policy limits for the at fault Driver, Mariam Girgis (third party).

## Count II
## Bad faith, Unfair and Deceptive Practice
## And Breach of Contract

20. Paragraphs 1 through 19 are re-alleged, re-affirmed and referred to herein as if set out in full.

21. The demand package was sent to Safeco "plaintiffs' own insurance Company" and Acceptance "the at-fault-driver" Insurance Company about the same time.

22. The at –fault-driver's Insurance Company, Acceptance, investigated and offered its policy limits per person in about three weeks from receiving the demand package.

23. Safeco has failed to properly and timely investigate the claim and act in good faith to resolve it, while it was required to do so under the plaintiffs' insurance policy.

24. Meridith Sykes was the adjuster handling plaintiffs' claim no. 291276526039 as Safeco's agent, representative or employee.

25. As the agent, representative or employee of the Defendant Safeco Insurance Company Meridith Sykes, has failed to properly and promptly investigate the accident and act in good faith to resolve it.

4

Copy

26. Without any investigation of the accident, as the agent, representative or employee of the Defendant, Safeco Insurance Company, Meridith Sykes offered the plaintiffs a shameful offer of $500.00 for full and final settlement.

27. Plaintiffs aver that Defendant Safeco Insurance Company owes them a contractual duty to properly and promptly investigate the accident in good faith and pay for plaintiffs' damages up to the policy limits but failed to do so.

28. Defendant, Safeco Insurance Company's conduct against its own insured Mrs. Endrawes constitutes Breach of contract, bad faith act and unfair and deceptive in violation to the Tennessee consumer protection act of 1977 and the applicable federal and state insurance laws as well as common law.

*Wherefore*, the plaintiffs pray the court that they have and recover judgement against the defendant as follows:

1. For process to issue and be served upon Defendant, requiring the Defendant to answer the allegations hereof;
2. For a money judgement in favor of the plaintiffs, for compensatory damages in an amount to be proven at trial for the personal injury and negligent infliction of emotional distress suffered by the plaintiffs, and breach of contract.
3. For treble damages judgement in favor of Plaintiffs against the defendant for the bad faith act, unfair and deceptive practice.
4. For costs to be taxed to the defendant, and reasonable attorney's fees to be awarded to the plaintiffs;
5. That plaintiffs demand a jury to try all issues and causes; and
6. For such other, further, and general relief to which the plaintiffs may be entitled under the law.

Copy

Respectfully submitted,

*[signature]*

Ali Abdel Ati, BPR# 028180
ATI LAW OFFICES
325 Plus Park Blvd, Suite 200 B
Nashville, TN 37217
(615) 967-0742

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| HANAN ENDRAWES and SHENOUDA HENIN, <br><br> Plaintiffs, <br><br> v. <br><br> SAFECO INSURANCE COMPANY "A LIBERTY MUTUAL COMPANY", <br><br> Defendant. | ) ) ) ) ) ) Case No: 17C1127 ) JURY DEMANDED ) ) ) ) ) ) |

## NOTICE OF FILING NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Safeco Insurance Company of Illinois, incorrectly named in the Complaint as Safeco Insurance Company (hereinafter "Safeco"), hereby gives notice of the removal of this action to the United States District Court for the Middle District of Tennessee, Nashville Division. A copy of the Notice of Removal is attached hereto as **Exhibit A**.

Respectfully submitted,

_____
Brian Neal (BPR #022532)
J. Matthew Kroplin (BPR #027363)
BURR & FORMAN LLP
511 Union Street, Ste. 2300
Nashville, TN 37219
Telephone: (615) 724-3200
Facsimile: (615) 724-3290

*Attorneys for Defendant Safeco Insurance Company of Illinois improperly named as Safeco Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June 2017, I served a copy of the foregoing *Notice of Filing of Removal* via U.S. mail on the following:

        Ali Abdel Ati
        ATI Law Offices
        325 Plus Park Blvd., Suite 200 B
        Nashville, TN 37217

*[signature]*