IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HANAN ENDRAWES and SHENOUDA HENIN, | ) ) ) |
| Plaintiffs | ) |
| v. | ) NO. 3:17-cv-0929 ) JUDGE TRAUGER |
| SAFECO INSURANCE CO., | ) ) |
| Defendant | ) |

**MEMORANDUM**

Pending before the court are Defendant's Motion to Dismiss (Docket No. 6), Plaintiffs' Response (Docket No. 11), and Defendant's Reply (Docket No. 16). Also pending before the court are Plaintiffs' Motion to Remand to State Court (Docket No. 12) and Defendant's Response thereto (Docket No. 16). For the reasons stated herein, Defendant's Motion to Dismiss will be GRANTED, and Plaintiff's Motion to Remand to State Court will be DENIED as moot.

INTRODUCTION

This action, originally filed in state court, concerns an automobile collision and resulting injuries to Plaintiff Endrawes.[1] The third-party driver of the other vehicle was at fault. That driver's insurance carrier has accepted liability and paid its policy limits per person of $25,000 to Plaintiffs. Plaintiffs assert that the $25,000 is "close to the past medical bills." Plaintiffs are now suing Endrawes' own insurance carrier, Safeco Insurance Co., pursuant to its under-insured motorist coverage. Plaintiffs allege that Safeco owed them a contractual duty to properly and promptly investigate the collision in good faith and to pay for Plaintiffs' damages up to the policy limits.

---

[1] Although the Complaint does not explicitly say so, the court presumes that Plaintiff Henin is the spouse of Plaintiff Endrawes, as the Complaint contains a claim for loss of consortium.

Plaintiffs contend that Defendant's failures constitute a breach of contract, a bad faith act, and an unfair, deceptive act in violation of the Tennessee Consumer Protection Act ("TCPA").

Plaintiffs seek compensatory damages for their personal injuries and treble damages for Defendant's alleged bad faith. Defendant asks the court to dismiss this action for failure to state a claim upon which relief may be granted, arguing that Plaintiffs have failed to provide sufficient factual allegations to support their causes of action.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## BREACH OF CONTRACT

Defendant argues that Plaintiffs have failed to allege sufficient facts to support a breach of contract claim, such as which provision(s) of the insurance contract Defendant allegedly violated or how Defendant's investigation and settlement offer were not "prompt." Defendant points out that

2

its adjuster made a settlement offer to Plaintiffs less than two months after the collision. Despite Plaintiffs' characterization of the offer as "shameful," failing to pay the amount Plaintiffs want is not a breach of the contract. Moreover, Defendant did not deny coverage; it simply did not offer the amount Plaintiffs sought. The Complaint makes no citation to the policy provisions that Plaintiffs contend Defendant breached. Moreover, the Complaint offers no explanation as to what "properly and timely" mean in this context, how Defendant's actions were improper and untimely, or how Defendant failed to act in good faith. Plaintiffs rely on *Leverette v. Tennessee Farmers Mut. Ins. Co.*, 2013 WL 817230 (Tenn. Ct. App. 2013) to support their breach of contract claim, but in *Leverette*, the insurer denied coverage. Defendant has not denied coverage in this case.

As noted above, a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The factual content of Plaintiffs' Complaint does not allow the court to draw such an inference. Defendant's Motion to Dismiss Plaintiffs' breach of contract claim will be granted.

## BAD FAITH

Plaintiffs also assert that Defendant acted in bad faith in failing properly and promptly to investigate their claim and resolve it. The Complaint includes no facts as to when or how the claim was investigated. The Complaint states that Defendant's representative made a settlement offer to Plaintiffs on April 27, 2017. The Complaint includes no facts as to how this offer was improper, not prompt, or the result of Defendant's bad faith.

In *Chandler v. Prudential Ins. Co.*, 715 S.W.2d 615, 621 (Tenn. Ct. App. 1986), the court held that the tort of bad faith is not cognizable in Tennessee between an insurer and an insured; but rather, the bad faith penalty statute, Tenn. Code Ann. § 56-7-105, provides the exclusive remedy for

3

bad faith claims against insurers by the insured. *See also Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253, 259 (6th Cir. 1994) and *Wesley v. Liberty Ins. Corp.*, 2015 WL 5999879 at * 2 (M.D. Tenn. Oct. 14, 2015). The statute applies to insurers and provides that, in all cases when a loss occurs and an insurance company of this state refuses to pay the loss within sixty days after a demand has been made by the insured, the insurer shall be liable to pay the insured, in addition to the loss and interest, a sum not exceeding twenty-five percent of the liability for the loss, provided the refusal to pay the loss was not in good faith. Tenn. Code Ann. § 56-7-105. The Complaint in this case does not cite the bad faith statute or identify a claim for statutory bad faith; rather, it attempts to set forth a claim for common law bad faith, which is not recognized in Tennessee.

In order to recover under the bad faith penalty statute, Plaintiffs would have to show that (1) the policy of insurance had, by its terms, become due and payable; (2) a formal demand for payment was made; (3) Plaintiffs waited 60 days after making demand before filing suit (unless there was a refusal to pay prior to the expiration of the 60 days); and (4) the refusal to pay was not in good faith. *Stooksbury v. American Nat'l Prop. and Cas. Co.*, 126 S.W.3d 505, 519 (Tenn. Ct. App. 2004). Plaintiffs allege that they sent their demand letter to Defendant on March 15, 2017[2], Defendant made its settlement offer on April 27, 2017, and Plaintiffs filed this action in state court on May 9, 2017.

Plaintiffs maintain that, when (on March 15, 2017) Defendant offered to pay Plaintiffs $500, Defendant was refusing, in bad faith, to pay Plaintiffs' claims. Therefore, Plaintiffs argue, they did not have to wait sixty days before filing suit. Even if that were true, however, the Complaint fails

---

[2] Plaintiffs also contend, in their Response, that they reported the collision to Safeco immediately after it occurred and that Safeco paid for the property damage under the collision coverage and some medical bills under the medical payments insurance. Docket No. 11-1 at 2. These facts are not alleged in the Complaint, however, and cannot be considered on this motion.

to provide facts as to how Defendant's actions were taken in bad faith. As explained above, Defendant did not refuse to pay Plaintiffs' claim. Defendant made a settlement offer that Plaintiffs did not like, but there is no allegation that Defendant refused to negotiate or withheld payment for some nefarious reason.[3] There is no factual content concerning negotiations at all and no facts alleged to show that, or how much, the monetary amount of Plaintiffs' damages exceeded the amount paid by the third-party insurer.

Even if Plaintiffs had pled violation of Tennessee's bad faith statute, Plaintiffs' Complaint fails to state a claim for that statutory bad faith penalty. Defendant's Motion to Dismiss the bad faith claim will be granted.

## TENNESSEE CONSUMER PROTECTION ACT

Plaintiffs allege that Defendant's acts were unfair and deceptive in violation of the Tennessee Consumer Protection Act. In 2011, the Tennessee General Assembly amended Title 56 of the Tennessee Code to provide that, for causes of action arising after April 29, 2011, Title 50 and Title 56 of the Tennessee Code shall provide *the sole and exclusive statutory remedies and sanctions* applicable to an insurer for alleged breach of, or for alleged unfair or deceptive acts or practices in connection with, a contract of insurance. Tenn. Code Ann. § 56-8-113. Because the bad faith cause of action under Tennessee law (§ 56-7-105) is statutory, this amendment effectively eliminates the TCPA as a viable cause of action for unfair or deceptive acts or practices in connection with a contract of insurance. *Northend Investors, LLC v. Southern Trust Ins. Co.*, __ F.Supp.3d __, 2017

---

[3] Plaintiffs speculate, in their Response, that Safeco delayed investigating and paying this claim in hopes that the statute of limitations would run, Docket No. 11-1 at 3, but those facts are neither supported nor alleged in the Complaint.

5

WL 2533527 at * 5 (W.D. Tenn. June 9, 2017); *Imperial Park, LLC v. Penn-Star Ins. Co.*, 133 F.Supp.3d 1003, 1031 (M.D. Tenn. 2015).

Plaintiffs argue that the TCPA is "complementary to" the bad faith penalty statute. The cases Plaintiffs cite, however, pre-date the 2011 amendment. *Gaston v. Tenn. Farmers Mut. Ins. Co.*, 120 S.W.3d 815 (Tenn. 2004) was decided six years before the amendment, and the claim in *Leverette v. Tenn. Farmers Mut. Ins. Co.*, 2013 WL 817230 (Tenn. Ct. App. March 4, 2013), arose in December of 2008. Federal courts have recognized that this amendment abrogated the prior case law, eliminated TCPA actions against insurers, and made the bad faith statute the only penalty available to insureds claiming wrongful claim denials arising after April 29, 2011. *American Nat'l Prop. and Cas. Co. v. Stutte*, 2015 WL 1650933 at * 2 (E.D. Tenn. April 14, 2015) (collecting cases).

Accordingly, Plaintiffs may not assert a claim for unfair and deceptive practices under the TCPA, and that claim will be dismissed. With the causes of action dismissed, the court need not address Defendant's arguments concerning the availability of emotional distress damages in this action.

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Docket No. 6) will be granted, and this action will be dismissed. Plaintiffs' Motion to Remand (Docket No.12) will be denied as moot.

IT IS SO ORDERED.

ENTER this 25th day of August 2017.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE