IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HANAN ENDRAWES and SHENOUDA HENIN, | ) ) ) | |
| Plaintiffs | ) | |
| v. | ) ) | NO. 3:17-cv-0929 JUDGE TRAUGER |
| SAFECO INSURANCE CO., | ) ) | |
| Defendant | ) | |

**MEMORANDUM AND ORDER**

Pending before the court are Plaintiffs' Motion to Alter or Amend the Judgment to Dismiss and for Leave to Amend Complaint (Docket No. 21), Defendant's Response in Opposition (Docket No. 23), and Plaintiffs' Reply (Docket No. 27). For the reasons stated herein, Plaintiffs' Motion to Alter or Amend is **GRANTED** in limited part, simply to clarify the court's denial of the Motion to Remand, and **DENIED** in all other respects. Plaintiffs' Motion for Leave to Amend Complaint is **DENIED**.

By Order dated August 25, 2017, the court granted Defendant's Motion to Dismiss this case and denied Plaintiffs' Motion to Remand the case to state court. Docket No. 19. Plaintiffs now ask the court to vacate that Order, to find that the court has no subject matter jurisdiction over this action, and to remand the case to state court. Alternatively, Plaintiffs seek leave to amend their complaint.

MOTION TO ALTER OR AMEND

The Court may grant a Rule 59(e) motion to alter or amend if there is (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

Motion to Remand

Plaintiffs argue that the court should have granted Plaintiffs' Motion to Remand for lack of subject-matter jurisdiction. In their Motion to Remand this case to state court, Plaintiffs asserted that the action was improperly removed to federal court because it did not satisfy the amount required for federal diversity jurisdiction. Plaintiffs contend that the court should have granted the Motion to Remand for lack of subject matter jurisdiction first, before proceeding to the Motion to Dismiss.

The court's prior Memorandum could have explained more clearly why Plaintiffs' Motion to Remand would be denied,[1] but denial of that motion was not incorrect. In their Complaint, Plaintiffs sought compensatory damages for personal injury, breach of contract, and negligent infliction of emotional distress, plus statutory damages for bad faith, plus treble damages for unfair and deceptive acts under the Tennessee Consumer Protection Act ("TCPA"). Plaintiffs claimed damages for medical expenses, past and future; physical pain, past and future; mental, emotional suffering and grief, past and future; loss of enjoyment of life, past and future; permanent impairment and partial disability; lost wages and lost earning capacity; loss of consortium; and severe emotional distress. Docket No. 1-1.

Plaintiffs placed no specific monetary amount or limit on the damages they sought, and they did not disclaim any damages over $75,000. Plaintiffs could have pled to avoid federal jurisdiction, but they did not.[2] Defendant's Notice of Removal stated that the amount in controversy in this action

---

[1] The court's statement that the Motion to Remand was "moot" was not an accurate choice of words.

[2] A plaintiff is generally considered the "master of his complaint" and can plead to avoid federal jurisdiction. *Homoki v. Rivers Edge Tree Stands*, 2012 WL 6631043 at * 1 (N.D. Ohio Dec. 19, 2012); *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007).

exceeded $75,000, the amount required for this court to have diversity jurisdiction. Docket No. 1. A federal district court has original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the matter is between citizens of different states. 28 U.S.C. § 1132(a).

In their Motion to Remand, Plaintiffs argued that the amount in controversy did not exceed $75,000. Plaintiffs attempted to explain that the policy limits they sought under the insurance policy at issue were $50,000;[3] that the claim for statutory damages should not be included in the calculation because Defendant argued that claim should be dismissed; and that the treble damages sought under the TCPA, likewise, should not be included in the calculation because Defendant also argued that claim should be dismissed. Docket No. 12.

The determination of federal jurisdiction in a diversity case is made at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000); *Anderson v. Mid-Continent Aircraft Corp.*, 2015 WL 13188357 at * 1 (W.D. Tenn. April 6, 2015). Therefore, the court looks to whether the action was properly removed in the first place. *Rogers*, 230 F.3d at 871-72. The determination of removability is at the time that the complaint is filed, not when Plaintiffs recharacterize the value of their claims to support their motion to remand. *Homoki v. Rivers Edge Tree Stands*, 2012 WL 6631043 at * 2 (N.D. Ohio Dec. 19, 2012).

At the time of removal in this case, Plaintiffs sought not only compensatory damages, but also statutory and treble damages. At the time of removal, Plaintiffs sought the policy limits, money for past and future damages, and additional damages for the alleged bad faith and deceptive

---

[3] Defendant notes that this amount is "per person," so the total policy limits for both Plaintiffs is $100,000. Docket No. 23.

practices.[4] Moreover, at the time of removal, Plaintiffs' own valuation of the case, and the amount Plaintiffs had demanded from Defendant for these claims, was $100,000. Docket No. 1-3. Although a demand letter is not competent evidence to prove or disprove the validity or amount of a disputed claim, the court may consider it for "another purpose," Fed. R. Evid. 408(b), such as inquiring into whether the jurisdictional threshold of the amount in controversy has been met. *Griffith v. Aleman*, 2016 WL 2869794 at * 3 (W.D. Tenn. May 17, 2016); *Homoki*, 2012 WL 6631042 at * 2-3.

Defendant's later challenge to the statutory and treble damages does not change the fact that those damages were sought at the time of removal. Diversity jurisdiction is determined by the amount *in controversy*, not whether Defendant believes the claims to have merit. As noted in *Homoki*, "Adopting Plaintiffs' argument would destroy all instances of diversity jurisdiction, for it is the rare defendant who admits the veracity of his opponent's claim." *Homoki*, 2012 WL 6631042 at * 3. Likewise, the fact that Defendant did not offer to settle this matter for the full amount Plaintiff sought has no bearing on the amount in controversy exceeded $75,000. *Id*.[5]

For the reasons stated herein, the Motion to Remand was correctly denied. The court finds that its prior Order and Memorandum should be amended simply to add this further explanation.

---

[4] Plaintiffs' reliance upon *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250 (6th Cir. 2011) is misplaced. In that case, there was no claim for compensatory, statutory or treble damages as sought herein. The issue, in that declaratory judgment action, was solely whether policy limits of $100,000 or $25,000 applied.

[5] Plaintiffs argue, with no citation to authority, that the court would use the same analysis to determine the amount in controversy that it used to dismiss Plaintiffs' claims, and, thus, it should exclude the statutory claims it dismissed. Docket No. 27 at 7. The court, however, looks to the amount in controversy at the time of removal. In any event, the court dismissed ALL of Plaintiffs' claims, so under Plaintiffs' argument, there is no longer *any* amount in controversy.

Motion to Dismiss

Plaintiffs also ask the court to alter or amend its prior Order and deny Defendant's Motion to Dismiss. Plaintiffs argue that the court did not specifically address their causes of action for personal injury and emotional distress. Personal injury and emotional distress are damages, not causes of action. The Complaint alleges that the third-party driver's negligence caused personal injuries and emotional distress, among other damages, to Plaintiffs. Docket No. 1-1. The Complaint alleges that Defendant is responsible for those damages under its policy with Plaintiffs, but those damages are not separate causes of action.

Plaintiffs contend that dismissal of their claims is a "manifest injustice" because if the court does not alter or amend its prior Order that dismissed their claims, "the plaintiffs will be prejudiced and will not be able to recover anything." Docket No. 21-1 at 5. Plaintiffs are always prejudiced and not able to recover when their claims are dismissed. Plaintiffs assert that their damages "are certain, very clear and will be lost forever." *Id*. That may be true, but it does not mean that Plaintiffs have stated claims for which relief may be granted against Defendant in this case.

Plaintiffs' other arguments concerning their Motion to Alter or Amend the prior Order are simply re-hashing arguments previously made and are not persuasive. Rule 59(e) does not afford parties an opportunity to reargue their case. *Leisure Caviar, LLC v. United States Fish and Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). Accordingly, Plaintiffs' Motion to Alter or Amend, in all respects except the limited further explanation above, is denied.

## MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiffs' Motion for Leave to Amend Complaint is also denied. When a motion to amend comes *after* a judgment against a plaintiff, the plaintiff must "shoulder a heavier burden." *Leisure

*Caviar* at 616.[6] Instead of meeting only the requirements of Fed. R. Civ. P. 15, the plaintiff must also meet the requirements of reopening a case under Rules 59 or 60. *Id*. As indicated above, Plaintiffs have not carried their burden, under Rule 59, of persuading the court to reopen this case.

In any event, nothing in the Proposed Amended Complaint (Docket No. 25) changes the court's prior ruling. The Proposed Amended Complaint could not withstand a motion to dismiss. Plaintiffs have still not alleged sufficient facts to support a breach of contract claim, for the same reasons explained in the court's prior Memorandum (Docket No. 18). The Proposed Amended Complaint also fails to allege facts sufficient to support a claim for bad faith or unfair and deceptive trade practices for the same reasons explained in the court's prior Memorandum. Accordingly, the Motion for Leave to Amend, being both too late and futile, is also denied.

## CONCLUSION

Accordingly, Plaintiffs' Motion to Alter or Amend the Judgment to Dismiss and for Leave to Amend Complaint (Docket No. 21) is **GRANTED** to the limited extent explained herein and **DENIED** in all other respects.

IT IS SO ORDERED.

ENTER this 23rd day of October 2017.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

---

[6] "If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision." *Leisure Caviar* at 616; *see also Michigan Flyer LLC v. Wayne County Airport Authority*, 860 F.3d 425, 431 (6th Cir. 2017).